**Edgar KUNKLER, Petitioner—Appellee,**

v.

**Madelene M. MUNTZ, Warden, Respondent—Appellant.**

No. 06–55555.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2007.

Filed March 7, 2007.

Roger S. Hanson, Esq., Law Offices of Roger S. Hanson, Santa Ana, CA, for Petitioner–Appellee.

James Conrad Schroeder, Esq., AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellant.

Before: CANBY and THOMAS, Circuit Judges, and CONLON,\* District Judge.

MEMORANDUM \*\*

The State of California, on behalf of Madelene Muntz, Warden of Chuckawalla Valley State Prison, appeals from an order granting Edgar Kunkler's petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. We review *de novo* a district court's decision to grant a 28 U.S.C. § 2254 petition. *Yee v. Duncan,* 463 F.3d 893, 897 (9th Cir.2006). Our review of Kunkler's petition is guided by the deferential standard of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). *Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1127 (9th Cir.2006).

Kunkler was considered for parole ten times since he became eligible in 1991. The California Board of Prison Terms ("the Board") denied parole at his first seven hearings because of the gravity of Kunkler's offense and his prior record. At his eighth hearing on August 30, 2000, the

---

\* The Honorable Suzanne B. Conlon, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Board found him suitable for parole. Governor Gray Davis reversed the Board's decision. On September 1, 2004, at Kunkler's tenth hearing, the Board again found he was suitable for parole. Governor Arnold Schwarzenegger reversed the Board's decision, finding Kunkler posed an unreasonable risk of danger to society because of the gravity of his offense and his significant criminal history.

Kunkler filed a *habeas* petition in California Superior Court. The court denied his petition, concluding that the governor's decision was supported by some evidence in the record. *In re Edgar Kunkler,* No. BH003236, at 1 (Cal.Super.Ct. May 11, 2005). The court held, however, that the governor could not properly rely on Kunkler's criminal record in denying parole because the record contained no evidence that any of his prior convictions involved violence. *Id.* at 2. The California Court of Appeal and the California Supreme Court affirmed the denial of Kunkler's *habeas* petition. *In re Edgar Kunkler,* No. B183275 (Cal.Ct.App. May 26, 2005); *In re Edgar Kunkler,* No. S134458 (Cal. Aug.17, 2005).

Kunkler filed a *habeas* petition in the Central District of California. The district court granted the petition on the authority of *Biggs v. Terhune,* 334 F.3d 910 (9th Cir.2003). *Biggs* affirmed denial of a *habeas* petition on the ground that the Board's decision to deny parole was supported by some evidence: the gravity of the commitment offense. *Biggs,* 334 F.3d at 916. However, *Biggs* cautioned that reliance on the gravity of the offense, and conduct prior to imprisonment, to justify repeated denials of parole "runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation." *Id.* at 917.

The district court concluded this court's comments in *Biggs* were applicable.

*Kunkler v. Muntz,* No. CV 05–6473, at 4 (C.D.Cal. March 16, 2006). In granting Kunkler's petition, the district court found that, because the circumstances of Kunkler's commitment offense would never change, the repeated parole denials based on the gravity of his offense effectively converted his sentence to life in prison without the possibility of parole. *Id.* The court noted Kunkler had twice demonstrated his suitability for parole release to the Board, and had served in excess of the maximum prison term for first degree murder. *Id.* The court held that repeated denial of Kunkler's parole could not be justified by reliance on his commitment offense because "continued reliance on such an unchanging event undermines the use of prison as a rehabilitative tool." *Id.* at 4–5.

■ Following the district court's *habeas* order, this court decided a case that controls the disposition of this appeal. California inmates have a constitutionally protected liberty interest in parole. *Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123 (9th Cir.2006). *Sass* recognized that the "some evidence" standard set forth in *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), is clearly established in the parole context. 461 F.3d at 1129. Denial of *Sass'* *habeas* petition was affirmed on the grounds that his prior convictions and the gravity of his convicted offenses constitute some evidence to support the Board's decision to deny parole. *Id.* *Sass* considered the *Biggs dictum,* but held that under the AEDPA, "it is not [this court's] function to speculate about how future parole hearings could proceed." *Id.*

■ This court has jurisdiction to review Kunkler's *habeas* petition because he has a liberty interest in parole. *Id.* at 1127–28; 28 U.S.C. § 2253(a). The governor's decision to reverse Kunkler's parole

was supported by some evidence: the gravity of Kunkler's offense, second degree murder under aggravated circumstances. *Hill,* 472 U.S. at 454, 105 S.Ct. 2768; *Sass,* 461 F.3d at 1129. The California Supreme Court decision denying Kunkler's petition was not contrary to, nor did it involve an unreasonable application of, federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d).

We have considered Kunkler's additional citations and find them inapplicable because California and federal district court decisions are not binding authority under the AEDPA. 28 U.S.C. § 2254(d).

**REVERSED.**