**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KENNETH PEARSON,
                *Petitioner-Appellee,*

v.

MADELENE A. MUNTZ, Acting
Warden,
                *Respondent-Appellant.*

No. 08-55728

D.C. No.
2:05-cv-06937-
SGL-OP

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the Central District of California
Stephen G. Larson, District Judge, Presiding

Filed May 24, 2010
Amended October 26, 2010

Before: Stephen Reinhardt, Marsha S. Berzon, and
Milan D. Smith, Jr., Circuit Judges.

Order;
Dissent to Order by Judge Ikuta;
Per Curiam Opinion

17595

COUNSEL

Marc Grossman, Law Offices of Marc E. Grossman, Upland, California, for the petitioner-appellee.

Collette C. Cavalier, Deputy Attorney General, San Diego, California, for the respondent-appellant.

ORDER

The majority opinion filed May 24, 2010, slip op. 7791, and appearing at 606 F.3d 606 (9th Cir. 2010), is hereby amended as follows:

1.  slip op. at 7795, line 26: replace ". . . [must]" with "facing the same issue in the future need only".

2.  slip op. at 7796, line 31: replace "Such was the case in *Hayward*. By holding that a federal habeas court may review the reasonableness of the state court's application of the California 'some evidence' rule, *Hayward* necessarily held that compliance with" with "Given that under § 2254(a) federal courts may not review a state court decision absent a violation of federal law, the only possible basis for *Hayward*'s requirement that federal courts review California's application of the 'some evidence' rule is that".

With these amendments, the panel has voted to deny the petition for panel rehearing and the suggestion for rehearing en banc.

The full court was advised of the suggestion for rehearing en banc. A judge of the court requested a vote on whether to rehear the matter en banc. The matter failed to receive a majority of the votes of the nonrecused active judges in favor of en banc reconsideration. FED. R. APP. P. 35.

No further petitions for rehearing or rehearing en banc will be entertained.

---

IKUTA, Circuit Judge, dissenting from the denial of rehearing en banc, joined by O'SCANNLAIN, TALLMAN, BYBEE, CALLAHAN, BEA, and N.R. SMITH, Circuit Judges:

In one of our oddest habeas decisions to date, the Ninth Circuit has not just misinterpreted the language of AEDPA, 28 U.S.C. § 2254(d), but has actually rewritten it. Contrary to the plain language of AEDPA, *Pearson* holds that a California prisoner is entitled to habeas relief because the state court's decision was inconsistent with *California law* as determined by the *California Supreme Court*, or was based on a unreasonable factual determination of a *state* law issue. *Pearson v. Muntz*, 606 F.3d 606, 611-12 (9th Cir. 2010) (per curiam). Not only does this holding rewrite AEDPA, it also contradicts the entire body of Supreme Court AEDPA jurisprudence. In failing to rehear this case en banc, we bind this circuit to an analytic approach that will consistently generate wrong decisions in the hundreds of challenges to California parole decisions adjudicated by federal courts in this circuit each year. Therefore, I respectfully dissent from the denial of rehearing en banc.

I

After pleading guilty to second degree murder in 1987, California state prisoner Kenneth Pearson became eligible for parole in 1995. After denying his application for parole seven

times, the parole board deemed Pearson suitable for parole in 2003. Governor Schwarzenegger then exercised his authority under the California Constitution to reverse the parole board's suitability determination. *See* Cal. Const. art. V, § 8(b). The Governor based this denial on a number of parole suitability factors, including that Pearson's commitment offense demonstrated an "exceptionally callous disregard" for his victim's suffering.

Pearson appealed this decision to the state trial court. Under the California due process clause, prisoners have a protected liberty interest in parole, and cannot be deprived of that interest without the procedural protections required by the California constitution. *In re Rosenkrantz*, 59 P.3d 174, 207 (Cal. 2002). Under California law in effect at the time of Pearson's appeal, the Governor's denial of parole had to "be supported by some evidence in the record" relevant to the parole suitability factors that the Governor was required to consider, *id.* at 209, but the "nature of the prisoner's offense, alone, [could] constitute a sufficient basis for denying parole" when the offense was particularly egregious, *id.* at 222.

The state trial court upheld the Governor's decision. Relying on *Rosenkrantz*, the court held that the circumstances of Pearson's commitment offense alone constituted sufficient evidence of parole unsuitability. After the California Court of Appeal and California Supreme Court likewise affirmed, Pearson applied for federal habeas relief.

In federal court, Pearson argued that the state's parole denial violated his federal due process rights because there was no evidence supporting the Governor's determination that Pearson's parole posed an unreasonable risk of danger to society. Dist. Ct. Dkt. # 1, at 12.[1] California argued that the "some evidence" standard of review in parole suitability hearings

---

[1]California agreed that Pearson had exhausted this claim in state court. Dist. Ct. Dkt. # 7, at 5-6.

was not "clearly established Federal law," and that a statement of reasons and an opportunity to be heard was all that was required under Supreme Court precedent.

The district court rejected the state's argument,[2] relying on a line of Ninth Circuit cases which (like California law) required a parole denial to be based on "some evidence" of the relevant factors. Dist. Ct. Op. at 21 n.10. California filed an emergency motion to stay the proceedings to prevent Pearson's release. *Pearson*, 606 F.3d at 607. The *Pearson* panel granted the stay, because we were currently reconsidering our "some evidence" line of cases en banc.

While the stay was pending, the California Supreme Court revisited *Rosenkrantz* and concluded that the "underlying circumstances of the [prisoner's] commitment offense alone" will rarely be sufficient to uphold a parole denial decision. *In re Lawrence*, 190 P.3d 535, 553 (Cal. 2008); *accord In re Shaputis*, 190 P.3d 573 (Cal. 2008). "[T]he proper articulation of the standard of review is whether there exists 'some evidence' that an inmate poses a current threat to public safety, rather than merely some evidence of the existence of a statutory unsuitability factor." *Shaputis*, 190 P.3d at 580.

Shortly thereafter, we issued *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc), which overruled our "some evidence" line of cases and clarified that *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1 (1979), discussed below, guides the AEDPA analysis of a due process challenge to a parole denial. *Hayward*, 603 F.3d at 555, 560 n.82.

Based on an idiosyncratic interpretation of *Hayward*, *Pearson* dissolved the stay of the district court's order. California then filed an emergency motion to reconsider this decision,

---

[2]Because the district court adopted the magistrate's report and recommendation in full, I refer to both as the "district court."

arguing that since *Hayward* had overruled the only cases supporting the district court's grant of habeas relief, the state was likely to succeed in reversing the district court's decision, and therefore we should keep the stay in place pending California's appeal. *See Pearson*, 606 F.3d at 608.

As explained in more detail below, instead of considering whether the state court's decision was inconsistent with *U.S. Supreme Court* precedent, *Pearson* concluded that because the state court had not correctly applied *California Supreme Court* precedent, as established by *Lawrence* and *Shaputis*, California was unlikely to succeed on the merits of its appeal of the district court's decision.[3] *Id.* at 611-12. Accordingly, *Pearson* issued a published opinion and order denying California's motion to reconsider.

II

The correct analysis of Pearson's habeas petition under AEDPA is straightforward. Following AEDPA, a court may not grant an application for a writ of habeas corpus from a state prisoner "with respect to any claim that was adjudicated on the merits in State court proceedings" unless the proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

---

[3]Because *Pearson* involved a motion to stay the proceedings, the central issue before the panel was whether California "ha[d] made a strong showing that [it was] likely to succeed on the merits." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Nken v. Holder*, 129 S. Ct. 1749, 1761 (2009). Although there is a "presumption of release from custody" of a successful habeas petitioner pending appeal, *see* Fed. R. App. P. 23(c), "it may be overcome if the traditional stay factors tip the balance against it." *Hilton*, 481 U.S. at 774, 777.

In the parole context, the "clearly established Federal law, as determined by the Supreme Court" is *Greenholtz*. Like other Supreme Court due process cases, *Greenholtz* "examine[d] procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted); *see also Greenholtz*, 442 U.S. at 7, 12. *Greenholtz* first explained that it is possible for a prisoner to have a constitutionally protected liberty interest in parole, but only to the extent that state law creates it. *See* 442 U.S. at 12; *see also Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Turning to the second element of the due process inquiry, *Greenholtz* determined that all the Due Process Clause required was a procedure that gave an inmate "an opportunity to be heard" and "inform[ed] the inmate in what respects he [fell] short of qualifying for parole." 442 U.S. at 16. To date, the Supreme Court has not further developed or modified *Greenholtz*'s approach to analyzing the due process rights of prisoners who are denied parole. *See, e.g.*, *Allen*, 482 U.S. at 373, 381 (applying the *Greenholtz* two-prong due process inquiry to a different state's statutory scheme).

The state court's decision in this case was not "contrary to" *Greenholtz*'s two-element federal due process inquiry. As the Supreme Court has explained, "[a] state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). "Avoiding these pitfalls does not require citation of our cases—indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537

U.S. 3, 8 (2002) (per curiam). Here, the state court did not need to address the first prong of *Greenholtz* because it is undisputed that Pearson had a federal liberty interest in parole created by California law. Further, the state court's decision that Pearson was not denied due process is not "contrary to" the second prong of *Greenholtz*, because it is undisputed that Pearson had an opportunity to be heard and received a decision explaining why the Governor denied his parole. *See* 442 U.S. at 16.[4]

Nor was the state court's determination based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See* § 2254(d)(2). Because it is undisputed that Pearson was denied the state-created liberty interest in parole, the only facts that are relevant to the *Greenholtz* inquiry relate to whether Pearson received the process that was due to him under federal law. There is no factual dispute over whether Pearson had "an opportunity to be heard" and received a statement informing him "in what respects he [fell] short of qualifying for parole," 442 U.S. at 16, the minimum procedure required under the federal Due Process Clause. Contrary to *Pearson*'s mode of analysis, it is simply irrelevant whether the state court made a factual error in determining that there was "some evidence" of the California parole suitability factors. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982) ("We have long recognized that a 'mere error of state law' is not a denial of due process.").

The state court decision was consistent with *Greenholtz*. Under AEDPA, that should have been the end of it.

---

[4]Because the state court did not expressly consider or apply *Greenholtz*, but rather applied the state supreme court's stricter due process requirements, the "unreasonable application" inquiry is not relevant here. As the Supreme Court has noted, this prong applies only "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413.

### III

Instead, *Pearson* reformulates the AEDPA analysis and rejects the state court's decision on the ground that the state court erred as a matter of state law.

*Pearson* starts from the correct premise that California law creates a liberty interest in parole that "may be enforced as a matter of federal law." 606 F.3d at 609 (citing *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)). But then, *Pearson* takes an extraordinarily wrong turn, holding that on habeas review a federal court is required to decide "whether the California judicial decision approving the governor's decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.' " *Id.* (quoting *Hayward*, 603 F.3d at 563). Put simply, *Pearson* rewrites AEDPA. Where the statutory language asks whether the state court's decision was "an unreasonable application of, *clearly established Federal law, as determined by the Supreme Court of the United States*," § 2254(d)(1) (emphasis added), *Pearson* asks whether the state court's decision was "an 'unreasonable application' of *the California 'some evidence' requirement*," *Pearson*, 606 F.3d at 609 (emphasis added). Based on this judicial rewrite, *Pearson* concludes that the state court's decision was an unreasonable application of the California Supreme Court's "some evidence" requirement, and accordingly reasons that Pearson would likely prevail on his habeas claim and should therefore be released on parole. *See id.* at 611-12.[5]

---

[5]In taking this erroneous approach, *Pearson* purports to rely on our en banc decision in *Hayward*. But this is incorrect: in *Hayward*, we held on de novo review that the prisoner had not been deprived of his state-created liberty interest in parole, and therefore did not reach the question whether the prisoner had been denied adequate procedural protections. *See Hayward*, 603 F.3d at 563. Because the petitioner's claim failed on de novo review, it was also unnecessary to apply AEDPA. *See Berghuis v. Thomp-*

*Pearson* confusingly claims that it applied this flawed test because "state-created rights may give rise to liberty interests that may be enforced as a matter of federal law," and therefore "compliance with the state requirement is mandated by federal law, specifically the Due Process Clause." 606 F.3d at 609. There is no dispute that Pearson has a state-created liberty interest in parole. But the federal Due Process Clause does not mandate compliance with state procedural requirements associated with that interest: no "clearly established" Supreme Court precedent provides that a state court's error in holding that a prisoner received all the process to which he was due under *state* law violates the *federal* Constitution. In reaching a contrary conclusion, *Pearson* loses sight of the "elementary" proposition that "States are free to provide greater protections in their criminal justice system than the Federal Constitution requires." *California v. Ramos*, 463 U.S. 992, 1013-14 (1983).

What concerns us on habeas review is not whether the state court decision violated state law, but whether the state court decision violated the federal Constitution, *see* 28 U.S.C. § 2254(a), and we know that here it did not: Pearson had all the process due him under the Constitution, *see Greenholtz*, 442 U.S. at 16. Pearson is entitled to due process as a matter of federal law, but the process to which he is entitled is spelled out in *Greenholtz*, which does not include California's "some evidence" requirement. *Pearson*'s AEDPA analysis has this precisely backwards.

_____

*kins*, 130 S. Ct. 2250, 2264 (2010). Here, by contrast, there is no dispute that Pearson was deprived of his state-created liberty interest in parole; the only question is whether the state court's decision that Pearson received the procedural protections required by the federal Constitution is inconsistent with Supreme Court precedent. *Hayward* provides no guidance on this issue, and *Pearson*'s heavy reliance on its incorrect interpretation of *Hayward* provides yet another reason why we should have taken this case en banc.

V

Ultimately, AEDPA review is for the purpose of determining whether a state court was objectively unreasonable in light of Supreme Court precedents. Here, the *Pearson* panel held that a state court decision was wrongly decided, even though it was consistent with *U.S. Supreme Court* precedent, because the decision was contrary to *California Supreme Court* precedent. Such an approach is so completely at odds with AEDPA's plain language that the Ninth Circuit had an obligation to take the opinion en banc to correct it. I respectfully dissent from the circuit's failure to do so.

---

**OPINION**

PER CURIAM:

California state prisoner Kenneth Pearson filed an action for a writ of habeas corpus in the district court on September 22, 2005, asserting that the Governor, in reversing the Parole Board, violated his due process rights by denying him parole absent "some evidence" supporting the decision. The magistrate judge's Report and Recommendation, which the district court adopted in full, noted that "the last reasoned state court opinions upholding the Governor's reversal of the [Parole] Board's finding of Petitioner's parole suitability rested on the sole ground of Petitioner's commitment offense." The district court determined that the circumstances of the commitment offense did not alone constitute "some evidence" supporting the Governor's decision,[1] and that the state court decisions upholding the denial of parole were based on an unreasonable determination of the facts in light of the evidence. Accordingly, the court granted the habeas petition and issued an

---

[1] The court also noted that Pearson had no adult criminal record aside from the commitment offense, and rejected the State's contention that his juvenile record constituted "some evidence" of current dangerousness.

order requiring the State to release Pearson within thirty days. The State appealed and filed an emergency motion to stay the district court's order.

In support of its motion for a stay, the State contended that "there is no federally protected liberty interest in parole in California," that "the some evidence test does not control in [federal habeas] review of parole cases," and thus that "it was erroneous for the district court to apply the some evidence test" on federal habeas review under AEDPA. Because those same legal questions were presented in *Hayward v. Marshall*, in which rehearing en banc had just been granted, on June 3, 2008 we stayed Pearson's release and suspended proceedings in the State's appeal pending our decision in *Hayward*.

On April 22, 2010, we issued our en banc decision in *Hayward*, which held that courts must apply the California "some evidence" test on federal habeas review under AEDPA. *Hayward v. Marshall*, No. 06-55392, slip op. 6303, 6330 (9th Cir. Apr. 22, 2010) (en banc). Because *Hayward* resolved the principal issues that underlay the State's request for the stay that we granted, and did so adversely to the State, we issued an order on May 4, 2010 dissolving our stay of the district court's order.

Under our circuit rule governing emergency motions, the State now seeks reconsideration of our order dissolving the stay and requests relief by today, May 24, 2010. It does so on the basis of a series of fundamental misunderstandings of *Hayward*. Its motion for reconsideration is therefore denied.[2]

---

[2]Although previous motions in this case were appropriately disposed of by order of one or two judges, *see* General Order 6.3(f), our rules require that we issue this published order and opinion as a three-judge motions panel, *see* General Order 6.3(g)(3)(ii).

I.

**[1]** Our en banc decision in *Hayward* establishes the law that governs our determination of post-AEDPA federal habeas claims in which a California prisoner asserts that he was denied parole in the absence of "some evidence"; i.e., some evidence that he currently poses a threat to public safety. In such cases, *Hayward* held that

> courts in this circuit facing the same issue in the future need only decide whether the California judicial decision approving the governor's [or the parole board's] decision rejecting parole was an "unreasonable application" of the California "some evidence" requirement, or was "based on an unreasonable determination of the facts in light of the evidence."

*Hayward*, slip op. at 6330 (quoting 28 U.S.C. § 2254(d)(1)-(2)). That holding is binding on us.

The State cites *Hayward* for three propositions that are inconsistent with the holding set forth above. In reviewing the State's arguments, we do so with the understanding that we must look to the en banc court's *holdings*, and that others seeking to understand *Hayward*'s meaning must, as in all cases, do likewise. In asserting its arguments, the State fails to follow that elementary principle.

**[2]** First, although the State concedes that a California prisoner has a right to a parole decision supported by "some evidence" of current dangerousness as a matter of *state* law, it argues that because the "some evidence" rule is not a right that arises under *federal* law, "*Hayward* established that there is no federal right to a some-evidence review." In fact, *Hayward* held just the opposite. It held, as we have noted, that federal habeas courts *must* "decide whether the California judicial decision approving the governor's decision rejecting parole was an 'unreasonable application' of the California

'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.' " *Hayward*, slip op. at 6330. A federal court may, of course, review a habeas petition only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). What the State fails to recognize, however, is that state-created rights may give rise to liberty interests that may be enforced as a matter of federal law. *See, e.g., Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Given that under § 2254(a) federal courts may not review a state court decision absent a violation of federal law, the only possible basis for *Hayward*'s requirement that federal courts review California's application of the 'some evidence' rule is that the state requirement is mandated by federal law, specifically the Due Process Clause.

**[3]** Similarly, the State argues that *Hayward* precludes relief under AEDPA because it held that there is no clearly established Supreme Court law under which compliance with the "some evidence" standard is required. Again, the State clearly misreads our opinion. What *Hayward* says is that the Supreme Court has not held that "some evidence" is a rule that must be applied in all states regardless of state law. In the case before us, it is the state law that requires "some evidence"; and it is that state law that gives rise to "interests" on the part of state prisoners that may be enforced as a matter of federal law. The principle that state law gives rise to liberty interests that may be enforced as a matter of federal law is long-established. *See infra* page 17613-14. *Hayward* clearly did not preclude relief under AEDPA. To the contrary, it not only announced that AEDPA applied but it applied AEDPA to the case before it — to Hayward's claim that he was denied parole in the absence of "some evidence."

**[4]** Third, the State contends that *Hayward* limits federal habeas review to a cursory examination of *whether* a state court identified and applied the California "some evidence" requirement, rather than an examination of *how* the state court

applied the requirement. Again, the State's argument is based on a fundamental misunderstanding of the *Hayward* holding quoted above. *Hayward* specifically commands federal courts to examine the reasonableness of the state court's application of the California "some evidence" requirement, as well as the reasonableness of the state court's determination of the facts in light of the evidence. *Hayward*, slip op. at 6330. That command can only be read as requiring an examination of *how* the state court applied the requirement. Moreover, after examining the particular state court decision at issue, *Hayward* concluded that the district court properly denied the writ because "[t]here was some evidence of future dangerousness" justifying the denial of parole, slip op. at 6331, and not merely because the state court purported to identify some evidence of future dangerousness. In short, the *Hayward* court itself performed the function that the State argues it forbade. Indubitably, *Hayward* neither announced nor applied the test now urged by the State.

**[5]** In sum, notwithstanding the State's arguments to the contrary, our en banc holding in *Hayward* requires federal courts to decide precisely what it announces that they must decide: "whether the California judicial decision approving the governor's decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.' " Slip op. at 6330 (quoting 28 U.S.C. § 2254(d)(1)-(2)). In establishing that rule, *Hayward* foreclosed all of the principal arguments made by the State in its original motion to stay the district court's order pending appeal, and now repeated to us in its motion for rehearing. This time, however, because the en banc court has rejected the State's arguments, we can no longer allow those arguments to serve as a basis for a stay of the district court's decision.

## II.

It took this court more than four years to resolve the critical question in *Hayward*: whether we may review the habeas

claims asserted by California prisoners like Pearson. During this period a number of persons who had been held eligible for release by parole boards remained in prison while we considered the legal issues raised by the State. Now that we have issued our en banc decision, we find once again that the State is raising those same issues as a basis for continuing to hold individuals in detention, and that in doing so it appears not to comprehend the opinion at which we arrived so painfully and with such deliberation.

In addition to rejecting the three principal arguments discussed above, we will try to clarify some closely related arguments suggested by the State, or perhaps some of the principal arguments merely restated in different forms. The State's motion suggests that on the basis of a discussion in *Hayward* of the distinction between parole and good time, the State takes the view that unlike good time, parole is not subject to habeas review. Our discussion on that point, however, concludes with the statement that "*in the absence of state law establishing otherwise*, there is no federal constitutional requirement that parole be granted in the absence of 'some evidence' of future dangerousness or anything else." Slip op. at 6327 (emphasis added). The State appears to take the above quotation to mean that the federal Constitution *never* requires adherence to a "some evidence" requirement, even if adherence to that requirement is mandated by state law.

The State is in error. We asserted clearly that the United States Constitution does not establish a *uniform* federal requirement of "some evidence" that applies to parole decisions in *every* state, and that no such requirement exists "in the absence of state law establishing otherwise." We noted that the scope of any federal due process right to release on parole depends on the "substantive state law" that defines the attributes of the particular parole system at issue, slip op. at 6317,[3] and we recognized that California law explicitly

---

[3]In this portion of *Hayward*, we expressed concern about a possible misreading of our prior decisions in *Biggs v. Terhune*, 334 F.3d 910 (9th

creates a right to release in the absence of "some evidence" of current dangerousness. *Id.* at 6327-30. We emphasized that, although the California "some evidence" requirement is enforceable on federal habeas review, the federal Constitution does not "constrain[ ] other states to conform to the California system." *Id.* at 6330-31.

Like many liberty interests that are enforceable under the federal Due Process Clause, a California prisoner's right to parole in the absence of "some evidence" of current dangerousness arises from state law. Slip op. at 6329-30. It is beyond doubt that state statutes, and *a fortiori* state constitutions, "may create liberty interests in parole release that are entitled to protection under the Due Process Clause." *Bd. of Pardons v. Allen*, 482 U.S. 369, 371 (1987) (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 12 (1979)). In California, the "some evidence" requirement is a component of that liberty interest. A state has no duty under the federal Constitution to create any parole system at all, let alone a parole system in which a prisoner must be released unless certain requirements have been satisfied. *See Greenholtz*, 442 U.S. at 7; *see also Hayward*, slip op. at 6324-25. Once a state creates such a system, however, it must operate it in a manner that comports with due process. There is nothing novel or unusual about the liberty interests created by the state laws and rules governing parole systems. It is a basic principle of federal due process that "[a] liberty interest may arise [not only] from the Constitution itself, by reason of

Cir. 2003), *Sass v. California Board of Prison Terms*, 461 F.3d 1123 (9th Cir. 2006), and *Irons v. Carey*, 505 F.3d 846 (9th Cir. 2007). We noted that those decisions should not "be read to imply that there is a federal constitutional right regardless of whether state law entitles the prisoner to release," and overruled those decisions only "to the extent [that] they may be read to mean that." *Hayward*, slip op. at 6317. We did not, however, disturb those opinions' holdings with regard to the federally protected liberty interest created by the state laws and rules governing the California parole system.

guarantees implicit in the word 'liberty,' . . . [but also] from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

Through its state statutory and constitutional law, California has created a parole system that independently requires the enforcement of certain procedural and substantive rights, including the right to parole absent "some evidence" of current dangerousness. *Hayward*, slip op. at 6327-30 (discussing, *inter alia*, *In re Lawrence*, 190 P.3d 535 (Cal. 2008); *In re Shaputis*, 190 P.3d 573 (Cal. 2008); and *In re Rosenkrantz*, 59 P.3d 174 (Cal. 2002)). California law gives rise to a liberty interest on the part of its prisoners covered by its parole system. Having guaranteed the prisoners of the state that they will not be denied a parole release date absent "some evidence" of current dangerousness, California is not permitted under the federal Constitution arbitrarily to disregard the "some evidence" requirement in any particular case.[4] It is therefore our obligation, as we held in *Hayward*, to review the merits of a federal habeas petition brought by a California prisoner who asserts that the decision to deny him parole was not supported by "some evidence" of his current dangerousness. Under AEDPA, this means that we review "whether the California judicial decision approving the governor's [or parole board's] decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.' " *Hayward*, slip op. at 6330 (quoting 28 U.S.C. § 2254(d)(1)-(2)).

## III.

The California Board of Prison Terms found Pearson suit-

---

[4]The California Supreme Court recently recognized that the lower courts of the state have applied the "some evidence" requirement in a manner that has produced "arbitrary results." *Lawrence*, 190 P.3d at 554-55.

able for parole in 2003, but the Governor reversed that decision and denied him parole in 2004. The district court determined on April 1, 2008 that the Governor's action violated Pearson's federal due process rights. If the district court's decision is correct, as we are bound to presume at this stage of the proceedings, *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987), Pearson should have been released on parole more than six years ago.

We issued a stay of the district court's order solely because of the pendency of our en banc decision in *Hayward* and the issues presented in that case regarding federal habeas review of California parole decisions, especially the "some evidence" requirement. When *Hayward* resolved those issues in a manner contrary to the State's arguments here, we concluded that there was no longer any basis for a stay and therefore dissolved it.

**[6]** Given our conclusion that the only legal arguments advanced by the State in its motion for reconsideration are entirely without merit, and because the State has otherwise provided insufficient reason to reinstate the stay, we deny the State's motion for reconsideration.

DENIED.