UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDGAR KUNKLER, | No. 06-55555 |
| Petitioner - Appellee, | D.C. No. CV-05-06473-TJH |
| v. | |
| MADELENE M. MUNTZ, | ORDER |
| Respondent - Appellant. | |

Before: CANBY and THOMAS, Circuit Judges, and CONLON,[*] District Judge.

The State of California, on behalf of Warden Madelene Muntz, appealed the district court order granting Edgar Kunkler's petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. In a memorandum disposition filed March 7, 2007, we reversed, finding the California governor's decision to deny Kunkler parole was supported by "some evidence." *Kunkler v. Muntz*, 226 Fed. Appx. 669, 670-71 (9th Cir. 2007). Kunkler timely petitioned for panel rehearing and rehearing *en banc*. We deferred ruling on the petition because appeals implicating the same issue were pending. *Hayward v. Marshall* (No. 06-55392); *Pearson v. Muntz* (No.

---

[*] The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

08-55728); *Cooke v. Solis* (No. 06-15444); *Smiley v. Hernandez* (No. 06-55727).

Relying on *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (*en banc*), Kunkler filed a second request for rehearing or reconsideration on June 4, 2010. By order dated June 21, 2010, we construed Kunkler's second request as a supplement to his pending petition and ordered the State to respond whether *Hayward* impacts the March 7, 2007 order reversing the district court.

*Hayward* established that federal *habeas* courts must decide "whether the California judicial decision approving the governor's decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'" *Hayward*, 603 F.3d at 562-63 (quoting 28 U.S.C. § 2254(d)(2)); *see also Pearson v. Muntz*, 606 F.3d 606, 608 (9th Cir. 2010), *amended on denial of reh'g*, 625 F.3d 539 (9th Cir. 2010). The inquiry is whether some evidence of future dangerousness exists: does the inmate pose a threat to public safety? *Hayward*, 603 F.3d at 562; *In re Lawrence*, 190 P.3d 535, 539 (Cal. 2008). The State contends *Lawrence* and *Hayward* should not be considered because those decisions were issued after the March 7, 2007 order. However, this court retroactively applies the future dangerousness standard. *See, e.g., Hayward*, 603 F.3d at 562-63; *Pearson,* 606 F.3d at 610-11; *Cooke v. Solis*, 606 F.3d 1206 (9th Cir. 2010), *petition for certiorari*

2

*filed*, 79 USLW 3141 (U.S. Sept. 2, 2010)*.*

In reversing the decision of the Board of Prison Terms ("the Board") granting Kunkler parole, the governor stated, "the gravity of the crime is significant; this factor alone provides a sufficient basis for me to conclude that Mr. Kunkler is unsuitable for release from prison at this time." ER 98. The aggravated nature of the underlying offense alone is insufficient to establish future dangerousness. *Cooke*, 606 F.3d at 1214*; Hayward*, 603 F.3d at 562*; Lawrence*, 190 P.3d at 554-55. The prisoner's incarceration history or his current demeanor and mental state must support a conclusion that he poses a threat to public safety. *Hayward*, 603 F.3d at 562 (quoting *Lawrence*, 190 P.3d at 555).

While the governor noted prior criminal history, Kunkler's record consists of non-violent offenses and does not support an inference of future dangerousness. *Kunkler v. Muntz*, No. CV 05-6473, 2006 WL 4818032, at \*2 (C.D. Cal. March 15, 2006). In addition, the State's forensic psychologist determined he posed no greater risk to public safety than an average citizen. ER 89, 150.

The State has failed to cite anything in the record that suggests Kunkler's future dangerousness. The State argues the Board deemed Kunkler unsuitable for parole in 2007 and 2009 because of institutional misconduct and an unsupportive psychological evaluation. Appellant's Supplemental Brief at 3. Despite the June

3

21, 2010 order requiring the State to address the impact of *Hayward*, it has failed to supplement the record to support its generalized allegations of future dangerousness.

Kunkler is entitled to *habeas* relief under the standard articulated in *Lawrence* and applied in *Hayward*, *Pearson* and *Cooke*. The governor's reliance on Kunkler's aggravated offense to reverse the Board's parole decision is insufficient to demonstrate he posed a continued threat to public safety. The record establishes Kunkler's prior criminal history consisted of non-violent crimes, and he received a favorable psychological assessment at the Board hearing.

The district court did not have the benefit of *Lawrence*, *Hayward*, *Pearson* and *Cooke* when it issued its March 15, 2006 order. The district court relied on *Biggs v. Terhune*, 334 F.3d 910 (9th Cir. 2003), overruled by *Hayward* to the extent *Biggs* implied there is a federal constitutional right to parole if state law entitles the prisoner to release. *Hayward*, 603 F.3d at 555. The *Hayward* court chose not to decide whether there is a federal constitutional right to parole in the absence of some evidence of future dangerousness because California state law addressed the issue. *Id.* at 562. Despite the reference to *Biggs*, the district court's order is consistent with the future dangerousness standard articulated in *Hayward* and *Lawrence.* The district court found the seriousness of Kunkler's offense alone was

insufficient to support denial of parole.

Accordingly, the petition for panel rehearing is GRANTED. The March 7, 2007, memorandum disposition reversing the district court is VACATED. The district court order granting Kunkler's *habeas corpus* petition is AFFIRMED.