NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDGAR KUNKLER, | No. 06-55555 |
| Petitioner - Appellee, | D.C. No. CV-05-06473-TJH |
| v. | |
| MADELENE M. MUNTZ, | ORDER |
| Respondent - Appellant. | |

Before: CANBY and THOMAS, Circuit Judges, and CONLON,[*] District Judge.

The State of California, on behalf of Warden Madelene Muntz, appealed the district court order granting Edgar Kunkler's petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. In a memorandum disposition filed March 7, 2007, we reversed, finding the California governor's decision to deny Kunkler parole was supported by "some evidence." *Kunkler v. Muntz*, 226 Fed. Appx. 669, 670-71 (9th Cir. 2007). Kunkler timely petitioned for panel rehearing and rehearing *en banc*. Relying on *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (*en banc*), *Pearson v. Muntz*, 606 F.3d 606, 608 (9th Cir. 2010), *amended on denial of reh'g*, 625 F.3d 539 (9th Cir. 2010), *Cooke v. Solis*, 606 F.3d 1206 (9th Cir. 2010), *rev'd*,

---

[*] The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

131 S. Ct. 859 (U.S. Jan. 24, 2011), and *In re Lawrence*, 190 P.3d 535, 539 (Cal. 2008), we vacated the March 7, 2007 memorandum disposition and affirmed the district court, finding the State failed to establish "some evidence" of Kunkler's future dangerousness. Dkt. No. 50 (Dec. 27, 2010). The State petitions for panel rehearing in light of *Swarthout v. Cooke*, 131 S. Ct. 859 (U.S. Jan. 24, 2011) (*per curiam*). Although invited to do so, Kunkler did not file a response.

In *Swarthout*, the Supreme Court held federal *habeas* review of California parole decisions is limited to procedural due process, namely whether the state parole applicant had an opportunity to be heard and received a statement of the reasons underlying the denial of parole. *Id.* at 862. *Swarthout* prohibits examination whether the California state courts applied the "some evidence" standard correctly. *Id.* at 862-63. In this case, there has been no showing that Kunkler was denied an opportunity to be heard at his parole hearing or was not provided a statement of the reasons for his parole denial.

Accordingly, the petition for panel rehearing is GRANTED. The December 27, 2007 order affirming the district court is VACATED. The district court order granting Kunkler's *habeas corpus* petition is REVERSED. Kunkler's motion for further or modified order to specify the form of *habeas* relief is DENIED as moot.