**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

KENNETH PEARSON,
          *Petitioner-Appellee,*

v.

MADELENE A. MUNTZ, Acting
Warden,
          *Respondent-Appellant.*

No. 08-55728

D.C. No.
2:05-cv-06937-
SGL-OP

ORDER AND
OPINION

Appeal from the United States District Court
for the Central District of California
Stephen G. Larson, District Judge, Presiding

Filed May 24, 2010

Before: Stephen Reinhardt, Marsha S. Berzon, and
Milan D. Smith, Jr., Circuit Judges.

Per Curiam Opinion

7791

## COUNSEL

Marc Grossman, Law Offices of Marc E. Grossman, Upland, California, for the petitioner-appellee.

Collette C. Cavalier, Deputy Attorney General, San Diego, California, for the respondent-appellant.

## OPINION

PER CURIAM:

California state prisoner Kenneth Pearson filed an action for a writ of habeas corpus in the district court on September 22, 2005, asserting that the Governor, in reversing the Parole Board, violated his due process rights by denying him parole absent "some evidence" supporting the decision. The magistrate judge's Report and Recommendation, which the district court adopted in full, noted that "the last reasoned state court opinions upholding the Governor's reversal of the [Parole] Board's finding of Petitioner's parole suitability rested on the sole ground of Petitioner's commitment offense." The district court determined that the circumstances of the commitment offense did not alone constitute "some evidence" supporting the Governor's decision,[1] and that the state court decisions upholding the denial of parole were based on an unreasonable determination of the facts in light of the evidence. Accordingly, the court granted the habeas petition and issued an order requiring the State to release Pearson within thirty days. The State appealed and filed an emergency motion to stay the district court's order.

In support of its motion for a stay, the State contended that "there is no federally protected liberty interest in parole in California," that "the some evidence test does not control in [federal habeas] review of parole cases," and thus that "it was erroneous for the district court to apply the some evidence test" on federal habeas review under AEDPA. Because those same legal questions were presented in *Hayward v. Marshall*, in which rehearing en banc had just been granted, on June 3, 2008 we stayed Pearson's release and suspended proceedings in the State's appeal pending our decision in *Hayward*.

---

[1]The court also noted that Pearson had no adult criminal record aside from the commitment offense, and rejected the State's contention that his juvenile record constituted "some evidence" of current dangerousness.

On April 22, 2010, we issued our en banc decision in *Hayward*, which held that courts must apply the California "some evidence" test on federal habeas review under AEDPA. *Hayward v. Marshall*, No. 06-55392, slip op. 6303, 6330 (9th Cir. Apr. 22, 2010) (en banc). Because *Hayward* resolved the principal issues that underlay the State's request for the stay that we granted, and did so adversely to the State, we issued an order on May 4, 2010 dissolving our stay of the district court's order.

Under our circuit rule governing emergency motions, the State now seeks reconsideration of our order dissolving the stay and requests relief by today, May 24, 2010. It does so on the basis of a series of fundamental misunderstandings of *Hayward*. Its motion for reconsideration is therefore denied.[2]

I.

**[1]** Our en banc decision in *Hayward* establishes the law that governs our determination of post-AEDPA federal habeas claims in which a California prisoner asserts that he was denied parole in the absence of "some evidence"; i.e., some evidence that he currently poses a threat to public safety. In such cases, *Hayward* held that

> courts in this circuit . . . [must] decide whether the California judicial decision approving the governor's [or the parole board's] decision rejecting parole was an "unreasonable application" of the California "some evidence" requirement, or was "based on an unreasonable determination of the facts in light of the evidence."

---

[2]Although previous motions in this case were appropriately disposed of by order of one or two judges, *see* General Order 6.3(f), our rules require that we issue this published order and opinion as a three-judge motions panel, *see* General Order 6.3(g)(3)(ii).

*Hayward*, slip op. at 6330 (quoting 28 U.S.C. § 2254(d)(1)-(2)). That holding is binding on us.

The State cites *Hayward* for three propositions that are inconsistent with the holding set forth above. In reviewing the State's arguments, we do so with the understanding that we must look to the en banc court's *holdings*, and that others seeking to understand *Hayward*'s meaning must, as in all cases, do likewise. In asserting its arguments, the State fails to follow that elementary principle.

**[2]** First, although the State concedes that a California prisoner has a right to a parole decision supported by "some evidence" of current dangerousness as a matter of *state* law, it argues that because the "some evidence" rule is not a right that arises under *federal* law, "*Hayward* established that there is no federal right to a some-evidence review." In fact, *Hayward* held just the opposite. It held, as we have noted, that federal habeas courts *must* "decide whether the California judicial decision approving the governor's decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.' " *Hayward*, slip op. at 6330. A federal court may, of course, review a habeas petition only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). What the State fails to recognize, however, is that state-created rights may give rise to liberty interests that may be enforced as a matter of federal law. *See, e.g., Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Such was the case in *Hayward*. By holding that a federal habeas court may review the reasonableness of the state court's application of the California "some evidence" rule, *Hayward* necessarily held that compliance with the state requirement is mandated by federal law, specifically the Due Process Clause.

**[3]** Similarly, the State argues that *Hayward* precludes relief under AEDPA because it held that there is no clearly

established Supreme Court law under which compliance with
the "some evidence" standard is required. Again, the State
clearly misreads our opinion. What *Hayward* says is that the
Supreme Court has not held that "some evidence" is a rule
that must be applied in all states regardless of state law. In the
case before us, it is the state law that requires "some evi-
dence"; and it is that state law that gives rise to "interests" on
the part of state prisoners that may be enforced as a matter of
federal law. The principle that state law gives rise to liberty
interests that may be enforced as a matter of federal law is
long-established. *See infra* page 7800. *Hayward* clearly did
not preclude relief under AEDPA. To the contrary, it not only
announced that AEDPA applied but it applied AEDPA to the
case before it — to Hayward's claim that he was denied
parole in the absence of "some evidence."

**[4]** Third, the State contends that *Hayward* limits federal
habeas review to a cursory examination of *whether* a state
court identified and applied the California "some evidence"
requirement, rather than an examination of *how* the state court
applied the requirement. Again, the State's argument is based
on a fundamental misunderstanding of the *Hayward* holding
quoted above. *Hayward* specifically commands federal courts
to examine the reasonableness of the state court's application
of the California "some evidence" requirement, as well as the
reasonableness of the state court's determination of the facts
in light of the evidence. *Hayward*, slip op. at 6330. That com-
mand can only be read as requiring an examination of *how* the
state court applied the requirement. Moreover, after examin-
ing the particular state court decision at issue, *Hayward* con-
cluded that the district court properly denied the writ because
"[t]here was some evidence of future dangerousness" justify-
ing the denial of parole, slip op. at 6331, and not merely
because the state court purported to identify some evidence of
future dangerousness. In short, the *Hayward* court itself per-
formed the function that the State argues it forbade. Indubita-
bly, *Hayward* neither announced nor applied the test now
urged by the State.

**[5]** In sum, notwithstanding the State's arguments to the contrary, our en banc holding in *Hayward* requires federal courts to decide precisely what it announces that they must decide: "whether the California judicial decision approving the governor's decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.' " Slip op. at 6330 (quoting 28 U.S.C. § 2254(d)(1)-(2)). In establishing that rule, *Hayward* foreclosed all of the principal arguments made by the State in its original motion to stay the district court's order pending appeal, and now repeated to us in its motion for rehearing. This time, however, because the en banc court has rejected the State's arguments, we can no longer allow those arguments to serve as a basis for a stay of the district court's decision.

## II.

It took this court more than four years to resolve the critical question in *Hayward*: whether we may review the habeas claims asserted by California prisoners like Pearson. During this period a number of persons who had been held eligible for release by parole boards remained in prison while we considered the legal issues raised by the State. Now that we have issued our en banc decision, we find once again that the State is raising those same issues as a basis for continuing to hold individuals in detention, and that in doing so it appears not to comprehend the opinion at which we arrived so painfully and with such deliberation.

In addition to rejecting the three principal arguments discussed above, we will try to clarify some closely related arguments suggested by the State, or perhaps some of the principal arguments merely restated in different forms. The State's motion suggests that on the basis of a discussion in *Hayward* of the distinction between parole and good time, the State takes the view that unlike good time, parole is not subject to habeas review. Our discussion on that point, however, con-

cludes with the statement that "*in the absence of state law establishing otherwise*, there is no federal constitutional requirement that parole be granted in the absence of 'some evidence' of future dangerousness or anything else." Slip op. at 6327 (emphasis added). The State appears to take the above quotation to mean that the federal Constitution *never* requires adherence to a "some evidence" requirement, even if adherence to that requirement is mandated by state law.

The State is in error. We asserted clearly that the United States Constitution does not establish a *uniform* federal requirement of "some evidence" that applies to parole decisions in *every* state, and that no such requirement exists "in the absence of state law establishing otherwise." We noted that the scope of any federal due process right to release on parole depends on the "substantive state law" that defines the attributes of the particular parole system at issue, slip op. at 6317,[3] and we recognized that California law explicitly creates a right to release in the absence of "some evidence" of current dangerousness. *Id.* at 6327-30. We emphasized that, although the California "some evidence" requirement is enforceable on federal habeas review, the federal Constitution does not "constrain[ ] other states to conform to the California system." *Id.* at 6330-31.

Like many liberty interests that are enforceable under the federal Due Process Clause, a California prisoner's right to

---

[3]In this portion of *Hayward*, we expressed concern about a possible misreading of our prior decisions in *Biggs v. Terhune*, 334 F.3d 910 (9th Cir. 2003), *Sass v. California Board of Prison Terms*, 461 F.3d 1123 (9th Cir. 2006), and *Irons v. Carey*, 505 F.3d 846 (9th Cir. 2007). We noted that those decisions should not "be read to imply that there is a federal constitutional right regardless of whether state law entitles the prisoner to release," and overruled those decisions only "to the extent [that] they may be read to mean that." *Hayward*, slip op. at 6317. We did not, however, disturb those opinions' holdings with regard to the federally protected liberty interest created by the state laws and rules governing the California parole system.

parole in the absence of "some evidence" of current dangerousness arises from state law. Slip op. at 6329-30. It is beyond doubt that state statutes, and *a fortiori* state constitutions, "may create liberty interests in parole release that are entitled to protection under the Due Process Clause." *Bd. of Pardons v. Allen*, 482 U.S. 369, 371 (1987) (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 12 (1979)). In California, the "some evidence" requirement is a component of that liberty interest. A state has no duty under the federal Constitution to create any parole system at all, let alone a parole system in which a prisoner must be released unless certain requirements have been satisfied. *See Greenholtz*, 442 U.S. at 7; *see also Hayward*, slip op. at 6324-25. Once a state creates such a system, however, it must operate it in a manner that comports with due process. There is nothing novel or unusual about the liberty interests created by the state laws and rules governing parole systems. It is a basic principle of federal due process that "[a] liberty interest may arise [not only] from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' . . . [but also] from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

Through its state statutory and constitutional law, California has created a parole system that independently requires the enforcement of certain procedural and substantive rights, including the right to parole absent "some evidence" of current dangerousness. *Hayward*, slip op. at 6327-30 (discussing, *inter alia*, *In re Lawrence*, 190 P.3d 535 (Cal. 2008); *In re Shaputis*, 190 P.3d 573 (Cal. 2008); and *In re Rosenkrantz*, 59 P.3d 174 (Cal. 2002)). California law gives rise to a liberty interest on the part of its prisoners covered by its parole system. Having guaranteed the prisoners of the state that they will not be denied a parole release date absent "some evidence" of current dangerousness, California is not permitted under the federal Constitution arbitrarily to disregard the "some evidence" requirement in any particular case.[4] It is

---

[4]The California Supreme Court recently recognized that the lower courts of the state have applied the "some evidence" requirement in a

therefore our obligation, as we held in *Hayward*, to review the merits of a federal habeas petition brought by a California prisoner who asserts that the decision to deny him parole was not supported by "some evidence" of his current dangerousness. Under AEDPA, this means that we review "whether the California judicial decision approving the governor's [or parole board's] decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.' " *Hayward*, slip op. at 6330 (quoting 28 U.S.C. § 2254(d)(1)-(2)).

## III.

The California Board of Prison Terms found Pearson suitable for parole in 2003, but the Governor reversed that decision and denied him parole in 2004. The district court determined on April 1, 2008 that the Governor's action violated Pearson's federal due process rights. If the district court's decision is correct, as we are bound to presume at this stage of the proceedings, *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987), Pearson should have been released on parole more than six years ago.

We issued a stay of the district court's order solely because of the pendency of our en banc decision in *Hayward* and the issues presented in that case regarding federal habeas review of California parole decisions, especially the "some evidence" requirement. When *Hayward* resolved those issues in a manner contrary to the State's arguments here, we concluded that there was no longer any basis for a stay and therefore dissolved it.

**[6]** Given our conclusion that the only legal arguments advanced by the State in its motion for reconsideration are

manner that has produced "arbitrary results." *Lawrence*, 190 P.3d at 554-55.

entirely without merit, and because the State has otherwise provided insufficient reason to reinstate the stay, we deny the State's motion for reconsideration.

DENIED.