**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 20 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL CRAIG SLATER,<br><br>    Petitioner - Appellee,<br><br> v.<br><br>WILLIAM SULLIVAN, Warden,<br><br>    Respondent - Appellant,<br><br> and<br><br>JAMES E. TILTON, Secretary of California Department of Corrections & Rehabilitation,<br><br>    Respondent. | No. 09-17784<br><br>D.C. No. CV 08-00571-OWW-JMD<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Argued and Submitted October 5, 2010
San Francisco, California

   * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: KLEINFELD and GRABER, Circuit Judges, and MOLLOY,[**] District Judge.

Respondent William Sullivan, Warden, (the "State") appeals the district court's grant of Petitioner Michael Craig Slater's habeas corpus petition under 28 U.S.C. § 2254. The district court held that the State deprived Petitioner of his right to due process when he was denied parole in the absence of "some evidence" of current dangerousness as required by California law. On de novo review, Buckley v. Terhune, 441 F.3d 688, 694 (9th Cir. 2006) (en banc), we affirm.

In a series of recent cases, we have rejected the State's argument that the Antiterrorism and Effective Death Penalty Act of 1996 precludes relief on Petitioner's claim because California's "some evidence" requirement is not "clearly established federal law." Hayward v. Marshall, 603 F.3d 546, 563 (9th Cir. 2010) (en banc); Cooke v. Solis, 606 F.3d 1206, 1213 (9th Cir. 2010); Pearson v. Muntz, 606 F.3d 606, 608-09 (9th Cir. 2010) (per curiam). The State argues, in essence, that those cases were wrongly decided, but they bind this three-judge panel. Miller v. Gammie, 335 F.3d 889, 899 (9th Cir. 2003) (en banc).

The State does not argue that the Board of Parole Hearings' decision was, in fact, supported by some evidence. We therefore do not consider that question. See

---

[**] The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999) (holding arguments not raised in the opening brief generally are waived).

**AFFIRMED**.

*Slater v. Sullivan*, No. 09-17784

KLEINFELD, Circuit Judge:

I respectfully dissent. The district court's grant of the writ was based on a line of reasoning that was rejected by our court earlier this year in Hayward v. Marshall, 603 F.3d 546, 559–61 (9th Cir. 2010) (en banc). The recent applications of Hayward in Pearson v. Muntz, 606 F. 3d 606 (9th Cir. 2010) (per curiam), and Cooke v. Solis, 606 F.3d 1206 (9th Cir. 2010), do not purport to overrule Hayward, nor could they, since they are not en banc. Hayward did "not decide whether a right arises in California under the United States Constitution to parole in the absence of some evidence of future dangerousness." Hayward, 603 F.3d at 562. It cannot be read to allow for us to become something akin to a state parole board or appellate court. See Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d)(1–2); Estelle v. McGuire, 502 U.S. 68, 72 (1991).

In this case, the California superior court assessed the distinct rationales given by the Board of Parole Hearings, addressed the most direct and on-point rationale that was not out of bounds under its state's case law, and concluded that Slater was currently dangerous because his repeated explanation for the murder

1

showed a current state of mind indicating that he would be dangerous if released. See In re Scott, 15 Cal. Rptr. 3d 32, 40 (Ct. App. 2004). In addition to the crime of conviction and his continuing failure to take responsibility, the parole board's finding of future dangerousness was supported by Slater's escalating pattern of criminal behavior before he came to prison, and his "tenting" infraction while he was imprisoned. We are not at liberty to disregard "tenting" as though it were insignificant evidence of future dangerousness. The parole board took explicit notice of it, no doubt because "tenting" is both an infraction and a possible means by which prisoners may shield themselves from surveillance while they commit more serious infractions and crimes. The superior court did not purport to reject any of the parole board's reasons for denying parole, although it did not mention them all.

The summary affirmances by California's court of appeal and supreme court indicate that the reasons given by the parole board and superior court are enough to satisfy California's "some evidence" standard of review. See In re Lawrence, 44 Cal. 4th 1181, 1214 (2008) (noting that the inmate's criminal offense alone cannot establish his current dangerousness "unless the record also establishes that something in the prisoner's pre- or post-incarceration history, or his or her current

2

demeanor and mental state" supports an inference of dangerousness); In re Shaputis, 44 Cal. 4th 1241 (2008) (same). There is no showing that California violated the holdings of the Supreme Court, or made an unreasonable determination of the facts in light of the evidence. See 28 U.S.C. § 2254(d)(1–2); Hayward, 603 F.3d at 559–61.