*225 MEMORANDUM **
Respondent William Sullivan, Warden, (the “State”) appeals the district court’s grant of Petitioner Michael Craig Slater’s habeas corpus petition under 28 U.S.C. § 2254. The district court held that the State deprived Petitioner of his right to due process when he was denied parole in the absence of “some evidence” of current dangerousness as required by California law. On de novo review, Buckley v. Terhune, 441 F.3d 688, 694 (9th Cir.2006) (en banc), we affirm.
In a series of recent cases, we have rejected the State’s argument that the An-titerrorism and Effective Death Penalty Act of 1996 precludes relief on Petitioner’s claim because California’s “some evidence” requirement is not “clearly established federal law.” Hayward v. Marshall, 603 F.3d 546, 563 (9th Cir.2010) (en banc); Cooke v. Solis, 606 F.3d 1206, 1213 (9th Cir.2010); Pearson v. Muntz, 606 F.3d 606, 608-09 (9th Cir.2010) (per curiam). The State argues, in essence, that those cases were wrongly decided, but they bind this three-judge panel. Miller v. Gammie, 335 F.3d 889, 899 (9th Cir.2003) (en banc).
The State does not argue that the Board of Parole Hearings’ decision was, in fact, supported by some evidence. We therefore do not consider that question. See Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir.1999) (holding arguments not raised in the opening brief generally are waived).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.