KLEINFELD, Circuit Judge:
I respectfully dissent. The district court’s grant of the writ was based on a line of reasoning that was rejected by our court earlier this year in Hayward v. Marshall, 603 F.3d 546, 559-61 (9th Cir.2010) (en banc). The recent applications of Hayward in Pearson v. Muntz, 606 F.3d 606 (9th Cir.2010) (per curiam), and Cooke v. Solis, 606 F.3d 1206 (9th Cir.2010), do not purport to overrule Hayward, nor could they, since they are not en banc. Hayward did “not decide whether a right arises in California under the United States Constitution to parole in the absence of some evidence of future dangerousness.” Hayward, 603 F.3d at 562. It cannot be read to allow for us to become something akin to a state parole board or appellate court. See Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d)(l-2); Estelle v. McGuire, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).
In this case, the California superior court assessed the distinct rationales given by the Board of Parole Hearings, addressed the most direct and on-point rationale that was not out of bounds under its state’s case law, and concluded that Slater was currently dangerous because his repeated explanation for the murder showed a current state of mind indicating that he would be dangerous if released. See In re Scott, 119 Cal.App.4th 871, 15 Cal.Rptr.3d 32, 40 (2004). In addition to the crime of conviction and his continuing failure to take responsibility, the parole board’s finding of future dangerousness was supported by Slater’s escalating pattern of criminal behavior before he came to prison, and his “tenting” infraction while he was imprisoned. We are not at liberty to disregard “tenting” as though it were in *226 significant evidence of future dangerousness. The parole board took explicit notice of it, no doubt because “tenting” is both an infraction and a possible means by which prisoners may shield themselves from surveillance while they commit more serious infractions and crimes. The superior court did not purport to reject any of the parole board’s reasons for denying parole, although it did not mention them all.
The summary affirmances by California’s court of appeal and supreme court indicate that the reasons given by the parole board and superior court are enough to satisfy California’s “some evidence” standard of review. See In re Lawrence, 44 Cal.4th 1181, 1214, 82 Cal.Rptr.3d 169, 190 P.3d 535 (2008) (noting that the inmate’s criminal offense alone cannot establish his current dangerousness “unless the record also establishes that something in the prisoner’s pre- or post-incarceration history, or his or her current demeanor and mental state” supports an inference of dangerousness); In re Shaputis, 44 Cal.4th 1241, 82 Cal.Rptr.3d 213, 190 P.3d 573 (2008) (same). There is no showing that California violated the holdings of the Supreme Court, or made an unreasonable determination of the facts in light of the evidence. See 28 U.S.C. § 2254(d)(1-2); Hayward, 603 F.3d at 559-61.