**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 24 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RON MOSLEY, | No. 08-15327 |
| Petitioner - Appellant, | D.C. No. CV-05-04260-TEH |
| v. | |
| S. OROSKI, | MEMORANDUM[*] |
| Respondent - Appellee. | |

| | |
|---|---|
| RON MOSLEY, | No. 08-15389 |
| Petitioner - Appellant, | D.C. No. CV-05-04260-TEH |
| v. | |
| S. OROSKI, | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Thelton E. Henderson, Senior District Judge, Presiding

Argued and Submitted November 1, 2010

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

San Francisco, California

Before: ALARCÓN and RYMER, Circuit Judges, and TRAGER, Senior District Judge.[**]

California state prisoner Ron Mosley appeals the denial of his petition for a writ of habeas corpus. In it, he challenges Governor Arnold Schwarzenegger's reversal of a grant of parole by the California Board of Prison Terms. We reverse.

Our treatment of this appeal largely follows from *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc), and its progeny.[1] First, as *Hayward* now makes clear, Mosley must obtain a certificate of appealability before he may appeal. 603 F.3d at 554-55 (overturning our prior law to the contrary with respect to detention arising out of an administrative determination); 28 U.S.C. § 2253(c)(1). We grant the certificate sua sponte because Mosley "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Second, on the merits, *Hayward*, *Pirtle*, *Cooke*, and *Pearson* have also settled the existence of a California prisoner's liberty interest in parole and the right to parole in the absence of "some evidence" of future dangerousness under

---

[**] The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

[1] *Pirtle v. Cal. Bd. of Prison Terms*, 611 F.3d 1015 (9th Cir. 2010); *Cooke v. Solis*, 606 F.3d 1206 (9th Cir. 2010); *Pearson v. Muntz*, 606 F.3d 606 (9th Cir. 2010).

state law.  *See Hayward*, 603 F.3d at 562.

Third, when (as here) a state court has determined that the Governor's decision was supported by "some evidence," we are to ask whether the judicial decision was "an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'"[2]  *Id.* at 563 (quoting 28 U.S.C. § 2254(d)(1) and (d)(2)); *Cooke*, 606 F.3d at 1216.  We conclude that it was because "some evidence" of future dangerousness is lacking.  *See In re Lawrence*, 190 P.3d 535 (Cal. 2008); *In re Shaputis*, 190 P.3d 573 (Cal. 2008).

The California law that *Hayward* directs us to consider focuses on whether the inmate's release endangers public safety, not on the Governor's reasons for denying parole or on the factors by which suitability or unsuitability for parole are to be measured.  *See Lawrence*, 190 P.3d at 553; *Shaputis*, 190 P.3d at 581.  The standard is "whether 'some evidence' supports the conclusion that the inmate is unsuitable for parole because he or she currently is dangerous." *Lawrence*, 190 P.3d at 539.  Offense conduct alone is not enough, unless it *continues* to impose an unreasonable risk of danger or the record discloses that something in the prisoner's

_____

[2]  The question remains whether the state determination is contrary to federal law, *Wilson v. Corcoran*, No. 10-91, ___ U.S. ___, 2010 WL 4394137, at *2 (U.S. Nov. 8, 2010) (per curiam), but *Hayward* prescribes how we are to decide this.

history or present mental state supports the inference of current dangerousness.

The Governor relied on Mosley's offense, which he regarded as especially heinous and which, in the Governor's view, was alone sufficient to conclude that Mosley's release would pose an unreasonable public-safety risk.  However, an aggravated offense "cannot, standing alone, constitute the requisite evidence of current dangerousness."  *Cooke*, 606 F.3d at 1216.  Other than the gravity of the offense, the Governor cited Mosley's "history" of substance abuse and aggression, which was based on a single incident that occurred in 1984; and his disciplinary record in prison, which consisted of five infractions (one in 1987 for failure to report, three in 1991 for failure to report to work, failure to obey orders, and disrespect towards staff, and one in 1994 for disrespect towards staff), and nine counseling memoranda for missing a class or work, being out of bounds once, and refusing to take medication.[3]  Neither shows current dangerousness.  *See Pirtle*, 611 F.3d at 1023; *Lawrence*, 190 P.3d at 541.

Thus, "some evidence" of present dangerousness is lacking, so we must reverse.  Although at argument the state asked that we remand to the Governor, we believe the appropriate relief in California is to vacate the Governor's decision and

---

[3]  The record indicates that Mosley matured emotionally and had sincere remorse regarding the offense, and that he had realistic plans for release.

reinstate the Board's decision. *See Lawrence*, 190 P.3d at 538, 565; *In re McDonald*, No. B219424, ___ Cal. Rptr. 3d ___, 2010 WL 4296703, at *9-10 (Cal. Ct. App. Nov. 2, 2010).[4]

Accordingly, we reverse and remand with instructions to the district court to grant the writ, ordering the Governor's decision vacated and the Board's February 2005 decision reinstated.[5]

REVERSED AND REMANDED.

---

[4] We recognize that it has been some time since the Board's decision was rendered. We have no way of knowing whether its February 2005 decision still reflects the Board's judgment that Mosley is not currently a threat to public safety. The Board, however, retains its power to rescind that parole determination based on events occurring after its 2005 suitability determination. *See In re Moses*, 106 Cal. Rptr. 3d 608, 636 n.15 (Cal. Ct. App. 2010) (citing *In re Powell*, 755 P.2d 881 (Cal. 1988)). We express no opinion on the matter.

[5] Given this disposition, we have no need to resolve Mosley's two remaining challenges.