FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

APR 25 2011

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PAUL ALBERT GUARDADO,

Petitioner - Appellee,

v.

MARGARITA PEREZ, Chairwoman,
California Board of Prison Terms;
JEANNE S. WOODFORD, Director,
California Department of Corrections; A.
P. KANE, Warden,

Respondents - Appellants.

No. 09-17832

D.C. No. 4:05-cv-00194-CW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Submitted February 14, 2011[**]
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN and TROTT, Circuit Judges, and CAMPBELL, District Judge.[***]

This is an appeal from the district court's grant of habeas relief. As the facts are familiar to the parties, we repeat them here only as necessary to explain our decision. After much litigation, the California Board of Parole granted Paul Albert Guardado's parole application. Governor Schwarzenegger then vetoed that determination. The district court granted Guardado's habeas application and ordered his release, determining that Governor Schwarzenegger's veto violated California's "some evidence" requirement. Under then-binding Ninth Circuit precedent, this amounted to a violation of the Fourteenth Amendment's Due Process Clause. *See, e.g.*, *Pirtle v. Cal. Bd. of Prison Terms*, 611 F.3d 1015, 1020–21 (9th Cir. 2010).

The Supreme Court subsequently held that reviewing California parole decisions for compliance with California's "some evidence" standard "is no part of the Ninth Circuit's business." *Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011), *reversing sub nom.*, *Cooke v. Solis*, 606 F.3d 1206 (9th Cir. 2010). Instead, the Court reaffirmed its previous holding that the U.S. Constitution affords parole

---

[***] The Honorable Tena Campbell, Senior United States District Judge for the District of Utah, sitting by designation.

2

applicants only "minimal" due process: an opportunity to be heard and a statement of reasons why parole was denied. *Id.* at 862 (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1 (1979)); *see also Pearson v. Muntz*, __ F. 3d __, 2011 WL 1238007, at \*5 (9th Cir. Apr. 5, 2011). These rights were clearly afforded to Guardado. Accordingly, his due process rights were not violated. Since the petition may easily be denied on the merits, we do not decide whether Guardado properly exhausted his state court remedies. *See* 28 U.S.C. § 2254(b)(2).[1]

**REVERSED.**

---

[1] Guardado moved to stay this appeal pending the reconsideration motion in *Swarthout*. Because the Supreme Court has since denied that motion, we deny Guardado's request for a stay as moot.