FILED

MAY 06 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JESUS CECENA,

               Petitioner - Appellant,

   v.

R. J. SUBIA, Warden; ATTORNEY
GENERAL OF THE STATE OF
CALIFORNIA,

               Respondents - Appellees.

No. 09-15713

D.C. No. 2:07-cv-00344-LRS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lonny R. Suko, District Judge, Presiding

Argued and Submitted April 12, 2011
Pasadena, California

Before: REINHARDT, HAWKINS, and GOULD, Circuit Judges.

    Jesus Cecena appeals the denial of his habeas petition challenging a 2006 parole

denial by the California Board of Parole Hearings. We affirm.

---

    [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Although Cecena did not previously seek or obtain a certificate of appealability ("COA"), which is a requirement of 28 U.S.C. § 2253 jurisdiction, he was justified in proceeding without one in reliance on then-existing precedent, since overruled. *See Hayward v. Marshall*, 603 F.3d 546, 553-54 (9th Cir. 2010) (en banc), *overruled on other grounds by Swarthout v. Cooke*, 131 S. Ct. 859 (2011). At the time he filed his appeal, he made a "'substantial showing of the denial of a constitutional right,'" and we therefore issue a COA *sua sponte nunc pro tunc. See id.* at 555 (quoting 28 U.S.C. § 2253(c)(2)).

Since then, however, intervening Supreme Court authority has foreclosed Cecena's arguments for relief. Cecena does not dispute that he was afforded an opportunity to speak and contest evidence against him at his parole hearing, given notification of the reasons for parole denial, and provided advance access to his records. Under *Cooke*, that must be "the end of the federal habeas courts' inquiry into whether [Cecena] received due process." 131 S. Ct. at 862; *Roberts v. Hartley*, No. 10-15760, 2011 U.S. App. LEXIS 7434, at * 7-8 (9th Cir. Apr. 12, 2011) ("Stated otherwise, there is no substantive due process right created by California's parole scheme."); *Pearson v. Muntz*, No. 08-55728, 2011 U.S. App. LEXIS 6866, at *15-16 (9th Cir. Apr. 5, 2011). The federal "Constitution does not require more." *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 16 (1979).

Finally, Cecena argues that the California Court of Appeal denied him procedural due process by relying upon factors to deny his petition for state habeas relief that were not relied upon by the Board. We need not decide in this case, however, whether due process prohibits a state court from affirming a parole board's determination on alternative grounds, or whether the state court must at least afford a petitioner the opportunity to respond to the new grounds before relying upon them. Here, the state court did not actually rely upon alternative bases. Rather, the court merely recited, correctly, various facts that "[t]he record shows the Board considered" and that "[t]he Board noted." The court does not assert that those facts were the specific factors relied upon by the Board in denying parole, nor does the court say that those facts provide the reason why the court denied habeas relief. Instead, the only operative language in the state court opinion is, "The Board considered the proper factors in an individualized manner. Some evidence supports the Board's decision." Accordingly, Cecena was not denied due process in the state courts' consideration of his habeas petition.

**AFFIRMED.**

3