UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN ERNEST KUTYLO, | No. 07-55829 |
| Petitioner - Appellant, | D.C. No. CV-06-00099-VBF |
| v. | Central District of California, Riverside |
| T. E. VAUGHN, Warden, | |
| Respondent - Appellee. | ORDER |

Before: KOZINSKI, Chief Judge, REINHARDT and WARDLAW, Circuit Judges.

The petition for panel rehearing is GRANTED. The memorandum disposition filed February 8, 2011 is withdrawn. A disposition is filed herewith.

IT IS SO ORDERED.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN ERNEST KUTYLO,<br><br>Petitioner - Appellant,<br><br>v.<br><br>T. E. VAUGHN, Warden,<br><br>Respondent - Appellee. | No. 07-55829<br><br>D.C. No. CV-06-00099-VBF<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted August 5, 2010
Pasadena, California

Before: KOZINSKI, Chief Judge, REINHARDT and WARDLAW, Circuit Judges.

Steven Kutylo appeals the denial of his petition for a writ of habeas corpus.

We have jurisdiction under 28 U.S.C. § 2553. We affirm.

While Kutylo has not obtained a certificate of appealability as required

under 28 U.S.C. § 2253(c), he did not need to, as the magistrate judge correctly

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

advised him that under *Rosas v. Nielsen*, 428 F.3d 1229, 1232 (9th Cir. 2005), a COA is not required for review of a habeas denial of relief from a parole decision. While we later overruled this aspect of *Rosas* in *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc), "[w]e may issue such a certificate sua sponte," *id.* at 554. We therefore certify for appeal the issue of whether Kutylo was denied parole in violation of his federal right to due process.

In light of *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011), we conclude that Kutylo's federal right of due process was not violated by the Governor's decision to reverse the California Board of Prison Terms' grant of parole, because Kutylo was allowed an opportunity to be heard and was provided with a statement of the reasons why parole was denied. In his petition for rehearing, Kutylo incorrectly argues that *Cooke* only addressed California law, and did not decide "whether a right arises in California under the United States Constitution to parole in the absence of some evidence of future dangerousness." *But see Pearson v. Muntz*, --- F.3d ----, 2011 WL 1238007, at *5 (9th Cir. 2011) ("*Cooke* was unequivocal in holding that if an inmate seeking parole receives an opportunity to be heard, a notification of the reasons as to denial of parole, and access to their records in advance, '[t]hat should . . . be [ ] the beginning and the end of [the] inquiry into

2

whether [the inmate] received due process.'" (alterations and omission in original) (quoting *Cooke*, 131 S. Ct. at 862)).

The petition for rehearing argues that we do not address two of Kutylo's claims. Although both claims are meritless, we have granted Kutylo's petition to explain why. Kutylo is not entitled to an evidentiary hearing on the alleged breach of his plea agreement. Kutylo's claim is governed by 28 U.S.C. § 2254(d)(1), and review of such cases "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

Kutylo's claim that the California Constitutional amendment providing for gubernatorial review of parole decisions violates the Ex Post Facto Clause is foreclosed by *Johnson v. Gomez*, 92 F.3d 964 (9th Cir. 1996).[1]

Accordingly, we affirm the district court's denial of the habeas petition.

**AFFIRMED.**

---

[1] We expand the certificate of appealability to include this issue. *See* 9th Cir. R. 22-1(e).

3