**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUY LEMIEUX, | No. 06-16716 |
| Petitioner - Appellant, | D.C. No. CV-04-04774-MJJ |
| v. | |
| A.P. KANE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Martin J. Jenkins, District Judge, Presiding

Submitted March 14, 2011[**]
San Francisco, California

Before: HUG, W. FLETCHER, and M. SMITH, Circuit Judges.

Petitioner Guy Lemieux appeals the district court's denial of his *pro se*

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Lemieux was

sentenced in 1986 to 15 years to life for second-degree murder.  Lemieux's petition

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

claims that the California Board of Prison Terms (Parole Board or Board) violated his federal due process rights when, in 2001, it found him unsuitable for parole for the sixth time. The district court held that the Board's denial was supported by appropriate evidence. Because the remaining facts and procedural history are familiar to the parties, we recite them here only as necessary to explain our decision. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 2253(a) and, in light of *Swarthout v. Cooke*, 131 S. Ct. 859 (2011) (per curiam), we affirm.

Petitioner has not obtained a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253(c). At the time Petitioner applied for a COA, our case law was such that it was unnecessary to obtain a COA for us to review a parole board's decision and, accordingly, Petitioner's COA application was denied. *See Rosas v. Nielsen*, 428 F.3d 1229, 1232 (9th Cir. 2005) (per curiam), *overruled by Hayward v. Marshall*, 603 F.3d 546, 553–54 (9th Cir. 2010) (en banc). Because a certificate is now required and because "[w]e may issue such a certificate *sua sponte*," *Hayward,* 603 F.3d at 554, we certify for appeal the issue of whether Lemieux was denied parole in violation of his federal due process rights.

In *Swarthout v. Cooke*, the Supreme Court recognized that "[b]ecause the only federal right at issue is procedural, the relevant inquiry is what process [a

2

prisoner] received, not whether the state court decided the case correctly." *Id.* at 863. Procedural due process is satisfied where the inmate "[is] allowed to speak at [his] parole hearings and to contest the evidence against [him], [is] afforded access to [his] records in advance, and [is] notified as to the reasons why parole was denied." *Id.* at 862. Such process was afforded here; on December 18, 2001, the Board convened a hearing where Petitioner was represented by counsel, allowed to speak and contest the evidence and given a written decision from the Board. Although Petitioner asserts that the Parole Board's decision was not supported by "some evidence," *Cooke* makes clear that such an argument is for the California courts. *Id.*; *see also Pearson v. Muntz,* --- F.3d ----, 2011 WL 1238007, at *5 (9th Cir. April 5, 2011).

Finally, Appellee's motion for judicial notice of certain documents (Docket No. 19) is denied.

**AFFIRMED.**

3