**NOT FOR PUBLICATION**

MAY 20 2011

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEANETTE BRANHAM, | No. 09-56650 |
| Petitioner - Appellee, | D.C. No. 5:06-cv-01294-ODW-OP |
| v. | |
| DAWN DAVISON, | MEMORANDUM[*] |
| Respondent - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Submission Deferred March 9, 2011
Pasadena, California
Submitted May 20, 2011[**]

Before: B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

The respondent appeals an order of the district court granting the petitioner

habeas relief and ordering that the California Board of Parole Hearings (1) conduct

a new hearing within 30 days, (2) find her suitable for parole, absent any new

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence suggesting she would pose a danger to society, and (3) calculate a prison term and release date. The district court reasoned that the Board's decision was not supported by "some evidence" that the petitioner would be a danger to public safety if paroled, and therefore that the decision to deny her parole amounted to an arbitrary deprivation of her liberty interest in parole, in violation of due process.

In the time since the district court issued its order, however, the rights of parole applicants under the Due Process Clause have been reduced drastically. In *Swarthout v. Cooke*, 131 S. Ct. 859 (2011), the Supreme Court "held that, under the Fourteenth Amendment's Due Process Clause, the protections to which a California inmate is entitled prior to a denial of parole do not include a showing of some evidence of future dangerousness. While the Court did not define the minimum process required by the Due Process Clause for a denial of parole under the California system, it made clear that the Clause's requirements were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied.'" *Pearson v. Muntz*, No. 08-55728, 2011 WL 1238007, at *4 (9th Cir. Apr. 5, 2011) (internal citations omitted) (quoting *Cooke*, 131 S. Ct. at 862).

The petitioner "has never argued that [she] was denied an opportunity to speak at [her] hearing and contest the evidence against [her], that [she] was denied access to [her] record in advance, or that [she] was not notified of the reasons why parole was denied. [Her] complaint has been all along that there was not 'some evidence' of future dangerousness in [her] case, resulting in a violation of [her] rights to due process guaranteed by the Constitution. *Cooke* makes clear that we cannot consider whether 'some evidence' of dangerousness supported a denial of parole on a petition filed under 28 U.S.C. § 2254." *Id.* at *5 (footnote omitted).

The petitioner nevertheless contends that, apart from the "some evidence" requirement, the Board's decision was so arbitrary as to violate due process. Her argument, however, is based entirely on the relationship between the facts found by the Board and those that she suggests the record before the Board actually supported. *Cooke* forecloses such an argument. To be sure, even after *Cooke* the Due Process Clause must still protect parole applicants against truly arbitrary determinations to deny parole – such as those based on random factors unrelated to the applicant's own record – but that is not what happened here. "*Cooke* was unequivocal in holding that if an inmate seeking parole receives an opportunity to be heard, a notification of the reasons as to denial of parole, and access to their records in advance, 'that should be the beginning and the end of the inquiry into

3

whether the inmate received due process.' To reiterate, [the petitioner] has not questioned whether those procedures were provided, and therefore, after *Cooke*, our inquiry is at its end." *Id.* at *5 (quoting *Cooke*, 131 S. Ct. at 862) (alterations omitted). The district court's decision to grant the petition must therefore be reversed.

We note, in closing, our deep regret at the California Attorney General's outright refusal to engage in mediation in this case, when we referred it to our court's pioneering mediation unit. It is clear that the petitioner has been a model inmate who has avoided trouble and has participated in numerous rehabilitative and skills-training programs in the 24 years since she committed the only violent act of her life: a crime that was, as the district court found, "aberrant behavior and committed during a period of significant stress" – her recent separation from the victim – "rather than as part of a pattern of continuing violent criminality." We very much doubt that, under the law that existed at the time, the district court erred in granting relief accordingly. Had the parties not taken extensions of time to file their briefs on appeal, or had this case been set for oral argument a few months sooner, this court would in all likelihood have affirmed. If ever there was a case for which the representatives of the People might have considered the options for

4

compromise and creativity that may be developed in mediation, surely this was it.

We are sorry that the Attorney General refused to do so.

**REVERSED.**