
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL CRAIG SLATER, | No. 09-17784 |
| Petitioner - Appellee, | D.C. No. 1:08-cv-00571-OWW-JMD |
| v. | |
| WILLIAM SULLIVAN, Warden, | MEMORANDUM* |
| Respondent - Appellant, | |
| and | |
| JAMES E. TILTON, Secretary of California Department of Corrections & Rehabilitation, | |
| Respondent. | |

On Remand from the
United States Supreme Court

Before: KLEINFELD and GRABER, Circuit Judges, and MOLLOY,** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Donald W. Molloy, United States District Judge for
the District of Montana, sitting by designation.

This case returns to us on remand from the Supreme Court of the United States, which vacated our previous judgment. Reviewing de novo, Buckley v. Terhune, 441 F.3d 688, 694 (9th Cir. 2006) (en banc), we now reverse the district court's grant of Petitioner's habeas corpus petition in light of the Supreme Court's recent decision in Swarthout v. Cooke, 131 S. Ct. 859 (2011) (per curiam).

The district court granted the petition on the ground that the State had violated Petitioner's right to due process when it denied him parole in the absence of "some evidence" of current dangerousness as required by California law. In Cooke, however, the Supreme Court held that "it is [of] no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." Id. at 863. Federal habeas relief is not available for errors of state law, and the correct application of California's "some evidence" standard is not mandated by the Federal Due Process Clause. Id. at 861. Rather, when there is a liberty interest in parole, "an opportunity to be heard" and "a statement of reasons why parole was denied" are sufficient to satisfy federal due process. Id. at 862 (citing Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 16 (1979)).

In this case, Petitioner had an opportunity to be heard before the California Board of Parole Hearings, and he was provided with a statement of reasons for his

parole denial. Therefore, Petitioner's due process rights were not violated. See

Cooke, 131 S. Ct. at 862-63; Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir.

2011) ("Cooke makes clear that we cannot consider whether 'some evidence' of

dangerousness supported a denial of parole on a petition filed under 28 U.S.C.

§ 2254.").

**REVERSED.**