**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30130 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00115-SEH |
| v. | |
| SCOTT ZEAN SHIGLEY, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted September 27, 2011**

Before:    HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

Scott Zean Shigley appeals from the 72-month sentence imposed following

his guilty-plea conviction for viewing child pornography and possession of child

pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).  We have jurisdiction

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Shigley's
request for oral argument is denied.

under 28 U.S.C. § 1291, and we affirm.

Shigley contends that the district court erred by refusing to grant an additional one-level adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(b). His argument is foreclosed by *United States v. Johnson*, 581 F.3d 994, 1002 (9th Cir. 2009) (district court did not err in declining to grant additional one-level reduction because defendant's refusal to waive appellate rights was rational basis for the government's decision not to file a § 3E1.1(b) motion).

Shigley next contends that the district court procedurally erred by failing to expressly mention and analyze the 18 U.S.C. § 3553(a) sentencing factors, particularly those sentencing factors identified in support of his arguments for a variance. The record reflects that the court considered and rejected defendant's mitigation arguments, and properly considered the § 3553(a) sentencing factors. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc); *United States v. Perez-Perez*, 512 F.3d 514, 516 (9th Cir. 2008).

Lastly, Shigley contends that the district court imposed a substantively unreasonable sentence. He argues that the court did not understand the difference between the appellate and district court sentencing standards; improperly refused to disregard U.S.S.G. § 2G2.2, the child pornography Guideline, on policy grounds; and imposed a sentence that was greater than necessary. The record reflects that

the court applied the appropriate standard at sentencing. The court was not obligated to vary from the child pornography Guideline on policy grounds. *See United States v. Henderson*, No. 09-50544, 2011 WL 1613411, at *8 (9th Cir. April 29, 2011). Further, the low-end Guideline sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

To the extent Shigley raises the new argument in a letter filed pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, that the district court did not appreciate its *Kimbrough* discretion to vary from the child pornography Guideline based on policy grounds, that issue is not properly before us. *See Pearson v. Muntz*, 639 F.3d 1185, 1191 n.5 (9th Cir. 2011). In any event, the record does not support the conclusion that the district court failed to appreciate its discretion to vary from the Guidelines. *See Henderson*, 2011 WL 1613411, at *8.

**AFFIRMED.**

10-30130