FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 30 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS MCCOY, | No. 10-17179 |
| Petitioner - Appellee, | D.C. No. 5:08-cv-04687-RMW |
| v. | |
| RANDY GROUNDS, Warden, | MEMORANDUM* |
| Respondent - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Argued and Submitted March 15, 2012
San Francisco, California

Before:     WALLACE, CALLAHAN, and BEA, Circuit Judges.

Warden Randy Grounds appeals from the district court's order granting

California state prisoner Thomas McCoy's 28 U.S.C. § 2254 petition for writ of

habeas corpus.  We have jurisdiction under 28 U.S.C. § 2253, and we reverse and

remand.

---

        *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The district court granted relief on the ground that the state court unreasonably applied California's "some evidence" requirement, when it upheld the California Board of Parole Hearings' decision to deny parole. Subsequently decided cases of the Supreme Court and this court hold that this is not a proper ground for federal habeas relief. *See Pearson v. Muntz*, 639 F.3d 1185, 1191 (9th Cir. 2011). The only federal rights at issue in the parole context are procedural, and the only proper inquiry is what process McCoy received, not whether the state court decided the case correctly. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam). Those required procedures are "minimal," and demand nothing more than providing McCoy with an opportunity to be heard and a statement of reasons why parole was denied. *Id.* at 862.

We reverse and remand for the district court to determine in the first instance whether McCoy received an opportunity to be heard and was provided a statement of reasons why parole was denied. *See Swarthout*, 131 S. Ct. at 862. If he was not, the district court should determine whether it can, under present Supreme Court precedent, provide habeas corpus relief.

**REVERSED and REMANDED.**