**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT EVERETT JOHNSON, | No. 06-17042 |
| Petitioner - Appellant, | D.C. No. CV-05-00385-GGH |
| v. | |
| CLAUDE E. FINN; BILL LOCKYER, Attorney General, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
David F. Levi, District Judge, Presiding

Argued and Submitted September 24, 2007
Submission Vacated July 16, 2010
Resubmitted September 2, 2010
San Francisco, California

Before: GIBSON,[**] BERZON, and BEA, Circuit Judges.

California state prisoner Robert E. Johnson appeals from the district court's

judgment that denied his 28 U.S.C. § 2254 habeas petition. In 1977, Johnson

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

pleaded guilty to murder in the first degree in violation of California Penal Code § 187. He was sentenced to seven years to life in prison with the possibility of parole.[1] In 2001, the California Board of Parole Hearings ("Board") granted Johnson parole, but California Governor Grey Davis reversed the Board's decision. After Johnson's state habeas petitions were denied by the San Diego County Superior Court, California Court of Appeal, and California Supreme Court, Johnson filed a federal habeas corpus petition, which was denied by the district court. We have jurisdiction under 28 U.S.C. § 2253. We reverse and remand.

Johnson contends the Governor's denial of parole violated Johnson's rights under the Due Process Clause of the Fourteenth Amendment because there was not "some evidence" of his future dangerousness to support the Governor's denial of parole. "'[S]ome evidence' of future dangerousness" is a "*sine qua non* for denial of parole in California." *Hayward v. Marshall*, 603 F.3d 546, 562 (9th Cir. 2010) (en banc) (citations omitted). A "prisoner's aggravated offense does not establish current dangerousness 'unless the record also establishes that something in the

---

[1] The parties disagree about the length of Johnson's sentence. The State contends Johnson is serving a sentence of twenty-five years to life, while Johnson contends he is serving a sentence of seven years to life. This dispute does not affect our analysis because Johnson has already served more than twenty-five years in prison. Thus, for the purpose of this memorandum disposition, we assume Johnson was sentenced to seven years to life.

prisoner's pre- or post-incarceration history, or his or her current demeanor and mental state' supports the inference of dangerousness." *Id.* (quoting *In re Lawrence*, 190 P.3d 535, 555 (Cal. 2008)). When a state court denies habeas relief to a state prisoner who was denied parole based solely on the circumstances of his commitment offense, the prisoner is entitled to a writ of habeas corpus on the ground that "the state court decision was based on an unreasonable determination of the facts in light of the evidence." *Cooke v. Solis*, 606 F.3d 1206, 1216 (9th Cir. 2010) (citation and internal quotation marks omitted); *see* 28 U.S.C. § 2254(d)(2).

Here, the last reasoned state court decision—the decision of the California Court of Appeal—denied Johnson's state habeas claim on the ground that the circumstances of the commitment offense—the fact it was premeditated, callous, and heinous—provided some evidence to support the Governor's conclusion that Johnson "would represent an unreasonable threat to public safety if released." But the circumstances of the commitment offense "cannot, standing alone, constitute the requisite evidence of current dangerousness." *Cooke*, 606 F.3d at 1216.

The Governor provided two additional reasons for the denial of parole: (1) Johnson's "unstable social history," and (2) his failure "to take full responsibility for his role" in the murder. However, these reasons, to the extent they are

3

supported by the record, are insufficient to provide some evidence of current dangerousness.

First, the Governor found Johnson "ha[d] an unstable social history" based on his history of drug and alcohol abuse, turbulent home life, and behavioral problems that required psychological treatment. Johnson admitted at his parole hearing that he had a drinking problem at the time of the murder. However, Johnson also had been attending Alcoholics Anonymous for ten years at the time of his parole hearing. There was no evidence he still had a drinking problem or that he was likely to develop a drinking problem if he were released. The only evidence of drug use was Johnson's testimony that he had experimented with marijuana when he was 12 or 13 years old. That alcohol and drug use evidence does not support an inference that Johnson was dangerous thirty years later. With respect to Johnson's turbulent home life, Johnson's father was an abusive alcoholic who left his family when Johnson was young and Johnson's mother remarried another alcoholic who was shot and killed when Johnson was 14 years old. But Johnson's turbulent home life as a child and adolescent is not evidence of his current dangerousness. Finally, there is no evidence in the record that Johnson required psychological treatment as a juvenile. Thus, the conclusion that Johnson

has an "unstable social history" is not based on "some evidence" of his current dangerousness.

Second, the Governor explained that Johnson, at his 2001 parole hearing, "attempted to minimize his culpability by stating that he thought it was 'like a game' and that he 'didn't believe any of it would happen.'" But Johnson's statements were not an attempt to minimize his culpability; he was describing how he felt at the time he committed the crime in response to a specific question from a member of the Board. As the Board explained, "[Johnson] shows signs of remorse. He has indicated that he understands the nature and the magnitude of the offense and accepts responsibility for the criminal behavior and has a desire to change towards good citizenship." Thus, the Governor's finding that Johnson failed "to take full responsibility for his role" in the murder is unsupported by the record.

Therefore, we reverse the district court and remand with instructions to grant the writ.[2]

**REVERSED and REMANDED.**

---

[2] In light of our holding that Johnson is entitled to habeas relief based on the Governor's denial of parole without some evidence of future dangerousness, we need not reach the other claims Johnson raises on appeal.

5