**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT EVERETT JOHNSON<br><br>    Petitioners-Appellant<br><br>v.<br><br>CLAUDE E. FINN, Warden;<br><br>    Respondent-Appellee | No. 06-17042<br><br>D.C. No. 2:05-cv-0385-DFL-GGH-P<br><br>MEMORANDUM [*] |

On Remand From the United States Supreme Court

Before: BERZON, BEA, and SILVERMAN, [**] Circuit Judges.

Robert E. Johnson appeals the district court's denial of his writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  In 1977, Johnson pleaded guilty to murder in

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Drawn to replace the Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation, who has retired.

the first degree in violation of California Penal Code § 187. He was sentenced to 25-years to life.[1] In 1991, the Board of Parole Hearings ("Board") granted Johnson parole. Governor Wilson reversed the Board's decision, thereby revoking Johnson's parole. Johnson filed petitions for writ of habeas corpus in both state and federal court, which were denied.

In 2001, the Board of Parole Hearings ("Board") again granted Johnson parole. Governor Davis reversed the Board's decision and Johnson filed a state habeas corpus petition, which was denied. He then filed a federal habeas corpus petition, which was also denied. On appeal from the district court's denial, Johnson raises five claims: (1) When Governor Davis applied California Constitution Article V, § 8(b) to deny Johnson parole, the prohibition on *ex post facto* legislation was violated; (2) Governor Davis was biased against murderers and his decision to deny Johnson parole violated Johnson's due process rights under the Fourteenth Amendment; (3) Governor Davis's decision to deny Johnson parole was not supported by sufficient evidence; (4) Governor Davis's denial of Johnson's parole breached his plea agreement; and (5) Johnson's continued

---

[1] The parties disagree about the sentence. Johnson contends that he is serving a sentence of life with the possibility of parole after seven years. This contradiction does not affect our analysis because Johnson has already served more than 25 years.

incarceration is cruel and unusual punishment. The district court denied the writ. We reversed on the basis that the Governor's reversal of the Board's grant of parole was not supported by "some evidence" as required under California law. *Johnson v. Finn*, 394 F. App'x 419 (9th Cir. 2010). The Supreme Court granted certiorari, vacated, and remanded for reconsideration in light of *Swarthout v. Cooke*, 131 S. Ct. 859 (2011). *Cate v. Pirtle*, 131 S. Ct. 2988 (2011). On remand, we affirm the district court's denial of habeas.

This court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

With respect to Johnson's first claim, the state court did not unreasonably apply clearly established federal law in rejecting Johnson's *ex post facto* challenge to Section 8(b). Habeas may only be granted where "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). AEDPA does not require that the state court cite to, or even be aware of, Supreme Court precedents, "so long as neither the reasoning nor the result of the state-court

3

decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2003). Here, the state court held that Johnson's *ex post facto* challenge failed under our decision in *Johnson v. Gomez*, 92 F.3d 964 (9th Cir. 1996) ("*Johnson I*"). In *Johnson I*, we considered the same petitioner's facial challenge to § 8(b)'s provision of an additional level of executive review. *Id.* We applied *Mallett v. North Carolina*, 181 U.S. 589 (1901), which held that an additional level of judicial review did not violate the *ex post facto* clause, to hold that the addition of a level of gubernatorial review by § 8(b) did not violate the *ex post facto* clause. The state court's holding to the same effect was not an unreasonable application of clearly established federal law.[2]

Johnson's second claim is that Governor Davis was biased against murderers as evidenced by a No-Parole policy. The state court held that Governor Davis made an individualized determination of all relevant factors and that his decision was not based on a blanket No-Parole policy. The California Supreme Court had

---

[2] The state court's decision was also not an unreasonable application of *Garner v. Jones*, 529 U.S. 244 (2000). *Garner* involved a Georgia rules change which changed parole frequency from every three years to as infrequently as every eight years. *Id.* at 247. The Supreme Court held that the relevant inquiry is "whether the amended Georgia Rule creates a significant risk of prolonging respondent's incarceration." *Id.* at 251. Here, rather than adding a potential five years to a prison term before a parole eligibility, § 8(b) simply adds an additional level of review. Thus, for the state court not to apply *Garner's* "significant risk" test was not an unreasonable application of clearly established federal law.

4

previously found in *In re Rosenkrantz*, 29 Cal. 4th 616, 635 (2002), that Governor Davis did *not* have a No-Parole policy because the court found that Governor Davis conducted individualized analyses of parole decisions and had once affirmed the Board's grant of parole to a murderer. The state court's determination in this case was not an unreasonable determination of the facts in light of the evidence presented to the state court. 28 U.S.C. § 2254(d)(2). Therefore, Johnson's gubernatorial bias claim also fails.

Regarding his third claim, Johnson argues that Governor Davis's decision to reverse the Board's parole decision was not supported by some evidence and, therefore, violates his due process rights. In *Swarthout*, the Supreme Court held that the federal Due Process clause does not require correct application of California's "some evidence" requirement, and that therefore habeas may not be granted based on a state court's violation of the "some evidence" requirement. 131 S. Ct. at 861–62 (reversing *Cooke v. Solis*, 606 F.3d 1206 (9th Cir. 2010) and overruling *Pearson v. Muntz*, 606 F.3d 606 (2010)). Thus, Johnson's "some evidence" claim fails.

As to his fourth claim, Johnson argues that, as part of his plea agreement, he was guaranteed parole once the Board found him suitable for parole. Because the Governor now has the power to reverse a Board's decision, and he exercised that

5

power, Johnson argues that his plea agreement has been violated. Johnson does not, however, present any evidence that, as part of his plea agreement, he was promised the Board would have sole discretion to grant him parole or that he entered the plea agreement relying on the fact that the Governor could not reverse a Board's parole decision. Thus, this claim is without merit.

Finally, Johnson argues that his continued incarceration violates his rights against cruel and unusual punishment under the Eighth Amendment to the United States Constitution. Johnson was convicted of first degree murder and sentenced to an indeterminate sentence with the possibility of parole. His sentence has not been converted to one without the possibility of parole. Even if it had, his sentence would still not constitute cruel and unusual punishment. *See Harris v. Wright*, 93 F.3d 581, 584–85 (9th Cir. 1996) (holding a life sentence without the possibility of parole does not violate the Eighth Amendment when the crime is murder).

Therefore, we affirm and remand to the district court with instructions to vacate the grant of habeas corpus.

AFFIRMED and REMANDED.

Johnson v. Finn, No. 06-17042

BERZON, Circuit Judge, concurring:

I concur in the result reached by the majority. I join in the memorandum disposition, except with regard to the ex post facto issue, as to which I reluctantly concur in the result, for the reasons that follow:

My reluctance stems, first, from my conviction that, in some respects, *Johnson v. Gomez*, 92 F.3d 964 (9th Cir. 1996), is irreconcilably inconsistent with *Garner v. Jones,* 529 U.S. 244 (2000) and so to that degree not binding upon us under *Miller v. Gammie,* 335 F.3d 889 (9th Cir. 2003). Specifically, *Johnson* holds, at least alternatively, that a prisoner cannot succeed with regard to an ex post facto claim unless he can prove to a "mathematical certainty" and "with assurance" that he would have received parole under the former parole system. 92 F.3d at 968. *Garner* makes clear that where ex post facto considerations are implicated, the proper inquiry is whether the retroactive application "created a significant risk of increasing his own punishment." 529 U.S. at 256. In an appropriate case, we should expressly disavow this aspect of *Johnson*.[1]

The California Supreme Court, however, in *In re Rosenkrantz*, 29 Cal. 4th

---

[1] A few cases have applied the test from *Garner* without expressly addressing the continuing vitality of *Johnson*. *See Gilman v. Schwarzenegger*, 638 F.3d 1101, 1106 (9th Cir. 2011) (applying *Garner*'s "significant risk" test); *Brown v. Palmateer*, 379 F.3d 1089, 1095 (9th Cir. 2004) (same).

(2002), considered at length the question whether *Garner* has application to a case such as this one and concluded that it does not. Although I do not agree with *Rosenkranz*'s exceedingly narrow view of *Garner* (hence, my second level of reluctance), I cannot say that it unreasonably applied constitutional law clearly established by the Supreme Court, as is required to grant habeas relief under 28 U.S.C. §2254(d). There is no Supreme Court case directly on point, and at least some Supreme Court law, namely, *Mallett v. North Carolina*, 181 U.S. 589 (1901), that provides a modicum of support to the *Rosenkranz* analysis.

In this case, the state Superior Court did not cite *Rosenkranz* on the ex post facto issue, relying only on our *Johnson* decision. Still, *Rosenkranz* is the definitive state decision on the impact of *Garner* on this species of ex post facto cases, and it rests to some degree on the aspects of our *Johnson* case that do not directly conflict with *Garner*. Under these circumstances, the appropriate inference is that, as the state courts as a whole are bound by *Rosenkranz*, the higher courts – which expressed no reasoning – denied the ex post facto claim on the reasoning of that case. As that analysis cannot give rise to habeas relief, Johnson cannot prevail.

I note that petitioner Johnson was released from prison on December 6, 2010. He was imprisoned for 33 years on his original seven-years-to-life first degree murder sentence. There is little doubt that at the time he pleaded guilty, his

expectation, and that of the prosecution, was that if he was a prisoner who followed the rules and made efforts at rehabilitation, which he undoubtedly was and did, he would have been released long, long ago.  Given the overcrowding in our prisons, *see Brown v. Plata*, 131 S. Ct. 1910 (2011), it makes little sense to reincarcerate individuals who have been succeeding outside of prison and have served for long enough that retribution concerns have certainly been satisfied.

I do not, of course, know how Johnson has been doing since released.  But assuming that there have been no problems, I very much hope that the state will consider, in lieu of immediately reincarcerating him, holding a parole hearing—or, if it is possible under state law, a new gubernatorial review without a further parole hearing—that takes into account his behavior since release and determines whether to grant parole now.

I concur in the memorandum disposition to the degree indicated, and in the result.